UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| GEMA SWITZERLAND GMBH, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) JURY DEMAND |
| HANGZHOU COLOR POWDER COATING EQUIPMENT CO. LTD., and PROVIDING SYSTEM SOLUTIONS, INC., d/b/a POWDER BUY THE POUND, | ) |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiff, Gema Switzerland, GmbH ("Gema"), for its Complaint against Defendants, Hangzhou Color Powder Coating Equipment Co. Ltd. ("HCPCE") and Providing System Solutions, Inc., d/b/a Powder Buy the Pound (collectively, "Defendants"), states and alleges as follows:

## NATURE OF ACTION

1. Gema brings this action against Defendants seeking an injunction, damages, and other equitable relief for Defendants' willful infringement of United States Design Patent Nos. D667,080 (the "'080 Patent"), D693,980 (the "'980 Patent"), and D696,210 (the "'210 Patent") (collectively, the "Asserted Patents"). This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

2. As a direct and proximate result of Defendants' willful infringement, Gema has suffered irreparable harm and will continue to suffer irreparable harm unless and until Defendants are enjoined from further infringement by this Court.

## PARTIES

3. Plaintiff Gema is a Swiss Gesellschaft mit beschränkter Haftung with its principal place of business located at Mövenstrasse 17 St. Gallen, Switzerland CH-9015. Gema is a worldwide leader in the design and manufacture of electrostatic powder coating products, including manual and automatic powder guns, powder coating control units, and powder feed systems. Gema sells a variety of powder guns and spray equipment in this district and throughout the United States.

4. Upon information and belief, Defendant HCPCE is a Chinese Corporation located at Building 34, No 536, ShunFeng Road, Yuhang, Hangzhou, China 310010. Upon information and belief, HCPCE maintains warehouse facilities at 2011 Johnson Industrial Blvd., Nolensville, TN, 37135-9774, and regularly conducts business in this district, including importing, selling, and offering for sale infringing products at issue in this case.

5. Defendant Providing System Solutions, Inc., d/b/a Powder Buy the Pound, is a Tennessee Corporation with its principal place of business located at 2011 Johnson Industrial Blvd., Nolensville, TN, 37135-9774. Upon information and belief, Defendant Powder Buy the Pound is in the business of selling and offering for sale powder coating products. Upon information and belief, Defendant Powder Buy the

- 2 -

Case 3:19-cv-00061   Document 1   Filed 01/09/19   Page 2 of 13 PageID #: 2

Pound is also in the business of importing, selling, and offering for sale powder coating products manufactured by Defendant HCPCE.

6. Upon information and belief, Defendants sell their products at issue in this case throughout the United States, including in this judicial district. For example, upon information and belief, Defendants both sell and offer to sell products at issue in this case through warehouse facilities located at 2011 Johnson Industrial Blvd., Nolensville, TN.

7. Upon further information and belief, Defendants both sell and offer to sell products at issue in this case through fully interactive websites. Upon information and belief, Powder Buy the Pound sells and offers for sale products at issue in this case through the website maintained at https://www.powderbuythepound.com/ to customers in this judicial district and throughout the United States. Upon further information and belief, Defendant HCPCE sells and offers for sale products at issue in this case through the website maintained at https://www.colourspray.com/ to customers in this judicial district and throughout the United States.

## JURISDICTION AND VENUE

8. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121.

9. This Court has personal jurisdiction over Defendants because, among other reasons, Defendants regularly conduct business in this judicial district, have purposefully directed infringing acts to this district, and/or have otherwise availed

themselves of the privileges and protections of the laws of the State of Tennessee, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

10. Among other things, Defendants have advertised, offered to sell, and sold products that infringe the Asserted Patents within the Middle District of Tennessee. On information and belief, Defendant Powder Buy the Pound maintains a website at https://www.powderbuythepound.com/, on which Defendant Powder Buy the Pound has advertised, offered to sell, and sold infringing products with "free ground shipping for all qualifying U.S.A. orders over $100" and "same day shipping for orders placed before 2 PM CT Mon-Fri."

11. On information and belief, Defendant HCPCE maintains a website at https://www.colourspray.com/, on which Defendant HCPCE has advertised, offered to sell, and sold infringing products, which are available to ship anywhere in the United States, and which citizens of Tennessee access and purchase.

12. Venue is proper in this district under the provisions of 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because, among other reasons, Defendants' infringing acts that give rise to the claims have occurred in this judicial district and been directed to citizens of this judicial district. Venue in this district is also proper because Powder Buy the Pound is incorporated in this district and maintains a principal office in this district; and upon information and belief HCPCE, a foreign entity not incorporated in the United States, regularly conducts business in this district.

## GEMA AND ITS INTELLECTUAL PROPERTY

13. Gema is an internationally recognized leader in the design and manufacture of electrostatic powder coating products, including manual and automatic powder guns, powder coating control units, and powder feed systems, and sells high quality powder spray equipment products under numerous patents and federally registered trademarks, including the Asserted Patents.

14. On September 11, 2012, the United States Patent and Trademark Office ("USPTO") duly issued the '080 Patent, which is titled "Powder Spray Gun."

15. Gema is the exclusive owner of the entire right, title, and interest in and to the '080 Patent. A true and correct copy of the '080 Patent is attached as Exhibit A.

16. On November 19, 2013, the USPTO duly issued the '980 Patent, which is titled "Powder Spray Coating Cart."

17. Gema is the exclusive owner of the entire right, title, and interest in and to the '980 Patent. A true and correct copy of the '980 Patent is attached as Exhibit B.

18. On December 24, 2013, the USPTO duly issued the '210 Patent, which is titled "Control Unit for Powder Spray Applications."

19. Gema is the exclusive owner of the entire right, title, and interest in and to the '210 Patent. A true and correct copy of the '210 Patent is attached as Exhibit C.

## DEFENDANTS AND THEIR UNLAWFUL ACTIVITIES

20. Upon information and belief, Defendants are in the business of selling knock-off Gema products, and have sought to willfully infringe upon Gema's patent rights through their sale of competing and infringing powder spray coating products.

21. Upon information and belief, Defendant Powder Buy the Pound has registered, maintained, and is responsible for domain names and corresponding web pages at https://www.powderbuythepound.com/. The website is used to advertise, offer for sale, sell, and distribute infringing products, specifically including, but not limited to, the infringing "SpectraCoat Manual Gun VII," the infringing "Gema Opti-Select Manual Gun (Manual Gun V)" (notably, an unauthorized SpectraCoat product marketed as a Gema product rather than an authorized Gema product), and the infringing "Powder Coating Gun System SS200-FHS Manual with Trolley and 50lb Hopper."

22. Attached hereto as Exhibit D is a copy of Defendant Powder Buy the Pound's web page showing its offer for sale of the infringing "Spectracoat Manual Gun VII," for which Defendant Powder Buy the Pound offers "free ground shipping for all qualifying U.S.A. orders over $100."

23. Attached hereto as Exhibit E is a copy of Defendant Powder Buy the Pound's web page showing its offer for sale of the infringing "Gema Opti-Select Manual Gun (Manual Gun V)," for which Defendant Powder Buy the Pound offers "free ground shipping for all qualifying U.S.A. orders over $100."

24. Attached hereto as Exhibit F is a copy of Defendant Powder Buy the Pound's web page showing its offer for sale of the infringing "Powder Coating Gun System SS200-FHS Manual with Trolley and 50lb Hopper" for which Defendant Powder Buy the Pound offers "free ground shipping for all qualifying U.S.A. orders over $100."

- 6 -

Case 3:19-cv-00061   Document 1   Filed 01/09/19   Page 6 of 13 PageID #: 6

25. Upon information and belief, Defendant HCPCE has registered, maintained, and is responsible for domain names and corresponding web pages at https://www.colourspray.com/. The website is used to advertise, offer for sale, sell, and distribute infringing products, specifically including, but not limited to, the infringing "Manual Testing Powder Gun" (also marketed as "Lab Electrostatic powder coating gun CL-191S-TH"), the infringing "Electrostatic Powder Gun CL-161S-F," the infringing "Lab Powder Spray gun CL-171s-th," and the infringing "CL-181S."

26. Attached hereto as Exhibit G is a copy of Defendant HCPCE's web page showing its offer for sale of the infringing "Manual Testing Powder Gun," with an advertised "Warehouse in USA."

27. Attached hereto as Exhibit H is a copy of Defendant HCPCE's web page showing its offer for sale of the infringing "Electrostatic Powder Gun CL-161S-F," with an advertised "Warehouse in USA."

28. Attached hereto as Exhibit I is a copy of Defendant HCPCE's web page showing its offer for sale of the infringing "Lab Powder Spray gun CL-171s-th," with an advertised "Warehouse in USA."

29. Attached hereto as Exhibit J is a copy of Defendant HCPCE's web page showing its offer for sale of the infringing "CL-181s," with an advertised "Warehouse in USA."

30. Attached hereto as Exhibit K is a copy of Defendant HCPCE's web page showing its "Warehouse in Nolensville" where Defendant HCPCE represents "[w]e have some model machines in stock in our U.S.A. warehouse."

31. Defendants' websites have expressly targeted foreseeable purchasers in the State of Tennessee.

32. Upon information and belief, Defendant Powder Buy the Pound has completed many of its online commercial sales of infringing products through the payment processing service PayPal, which allows Defendants to receive transfers of funds from buyers online throughout the United States, including this judicial district.

33. Defendants' actions complained of herein have been deliberate, willful, malicious and in bad faith, with the intent to mislead consumers and inflict injury on Gema. This is an exceptional case under 35 U.S.C. § 285.

34. Upon information and belief, Defendants are undertaking all of the above-referenced acts of infringement in the State of Tennessee and, more particularly, in this judicial district.

**FIRST CLAIM FOR RELIEF**
**(Direct Infringement of the '080 Patent, in Violation of 35 U.S.C. § 271(a))**

35. Gema restates and realleges each of the allegations set forth above.

36. Defendants have been and are now directly infringing the '080 Patent in violation of 35 U.S.C. § 271(a), in this judicial district and elsewhere, by importing, selling and/or offering for sale products, including, without limitation, the "SpectraCoat Manual Gun VII," the "Gema Opti-Select Manual Gun (Manual Gun V)" (notably, an unauthorized SpectraCoat product marketed as a Gema product rather than an authorized Gema product), the "Manual Testing Powder Gun" (also marketed as "Lab Electrostatic powder coating gun CL-191S-TH"), the "Electrostatic Powder Gun

CL-161S-F," the "Lab Powder Spray gun CL-171s-th," and the "CL-181S," each of which infringes upon the '080 Patent.

37. Upon information and belief, Defendants have willfully, deliberately, intentionally, inequitably, and in bad faith infringed the '080 Patent without reasonable basis to believe they had the right to do so, and engaged in other conduct injurious to Gema as evidenced by the totality of the circumstances.

38. Upon information and belief, Defendants will continue to engage in the acts complained of herein unless restrained and enjoined, all to Gema's irreparable damage. While Gema is entitled to recover damages for Defendants' infringement of the '080 Patent, such damages alone are insufficient to compensate Gema for the irreparable harm caused by Defendants' infringement.

39. By reason of the acts of Defendants alleged herein, Gema has suffered damage in an amount to be proved at trial.

**SECOND CLAIM FOR RELIEF**
**(Direct Infringement of the '980 Patent, in Violation of 35 U.S.C. § 271(a))**

40. Gema restates and realleges each of the allegations set forth above.

41. Defendants have been and are now directly infringing the '980 Patent in violation of 35 U.S.C. § 271(a), in this judicial district and elsewhere, by importing, selling and/or offering for sale products, including, without limitation, the "Powder Coating Gun System SS200-FHS Manual with Trolley and 50lb Hopper," the "Electrostatic Powder Gun CL-161S-F," and the "CL-181S," each of which infringes upon the '980 Patent.

42. Upon information and belief, Defendants have willfully, deliberately, intentionally, inequitably, and in bad faith infringed the '980 Patent without reasonable basis to believe they had the right to do so, and engaged in other conduct injurious to Gema as evidenced by the totality of the circumstances.

43. Upon information and belief, Defendants will continue to engage in the acts complained of herein unless restrained and enjoined, all to Gema's irreparable damage. While Gema is entitled to recover damages for Defendants' infringement of the '980 Patent, such damages alone are insufficient to compensate Gema for the irreparable harm caused by Defendants' infringement.

44. By reason of the acts of Defendants alleged herein, Gema has suffered damage in an amount to be proved at trial.

### THIRD CLAIM FOR RELIEF
((Direct Infringement of the '210 Patent, in Violation of 35 U.S.C. § 271(a))

45. Gema restates and realleges each of the allegations set forth above.

46. Defendants have been and are now directly infringing the '210 Patent in violation of 35 U.S.C. § 271(a), in this judicial district and elsewhere, by importing, selling and/or offering for sale products, including, without limitation, the Powder Coating Gun System SS200-FHS Manual with Trolley and 50lb Hopper," the "Manual Testing Powder Gun" (also marketed as "Lab Electrostatic powder coating gun CL-191S-TH"), and the "CL-181S," each of which infringes upon the '210 Patent.

47. Upon information and belief, Defendants have willfully, deliberately, intentionally, inequitably, and in bad faith infringed the '210 Patent without reasonable

basis to believe they had the right to do so, and engaged in other conduct injurious to Gema as evidenced by the totality of the circumstances.

48. Upon information and belief, Defendants will continue to engage in the acts complained of herein unless restrained and enjoined, all to Gema's irreparable damage. While Gema is entitled to recover damages for Defendants' infringement of the '210 Patent, such damages alone are insufficient to compensate Gema for the irreparable harm caused by Defendants' infringement.

49. By reason of the acts of Defendants alleged herein, Gema has suffered damage in an amount to be proved at trial.

## JURY DEMAND

50. A jury trial is demanded on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Gema respectfully requests that the Court award the following relief:

a. A judgment in favor of Gema that Defendants have infringed each of the Asserted Patents;

b. A permanent injunction barring Defendants and all other actors acting in concert with them from infringing or inducing others to infringe each of the Asserted Patents;

c. A judgment that Defendants have willfully infringed the Asserted Patents;

d. A judgment and order requiring that Defendants shall account for and pay Gema the damages to which Gema is entitled as a consequence of Defendants' infringement of each of the Asserted Patents, such damages to be trebled because of the willful and deliberate character of the infringement;

e. A judgment and order requiring that Defendants shall additionally account for and pay Gema the damages and or disgorge profits for the period of infringement of each of the Asserted Patents following the period of damages established by Gema at trial;

f. A judgment and order that Gema is further entitled to pre-judgment and post-judgment interest;

g. A judgment and order finding that this case is exceptional and that Gema is entitled to its reasonable attorney fees, costs, and expenses that it incurs prosecuting this action under 35 U.S.C. § 285; and

h. Any and all other award or relief that the Court deems just and equitable.

Dated: January 9, 2019

By: <u>s/William T. Ramsey</u>
William T. Ramsey (TN # 9245)
John E. Quinn (TN # 12220)
Blind Akrawi (TN # 23213)
Neal and Harwell, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Telephone: 615-244-1713
Facsimile: 615-726-0573
wtr@nealharwell.com
jquinn@nealharwell.com
bakrawi@nealharwell.com

Christopher K. Larus
(admission *pro hac vice* pending)
Rajin S. Olson
(admission *pro hac vice* pending)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181
clarus@robinskaplan.com
rolson@robinskaplan.com

*Counsel for Plaintiff Gema Switzerland, GmbH.*